Filed 8/7/23  P. v. Estrada CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MAXIMO GONZALES ESTRADA, Defendant and Appellant. | B321175 (Los Angeles County Super. Ct. No. KA020112) |

THE COURT:

Maximo Estrada purports to appeal from a proceeding pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). He contends an appeal is authorized under Penal Code[1] section 1237, subdivision (b) because his substantial rights were violated by ineffective assistance of counsel and the superior court's failure to provide him with a Spanish language interpreter.  We appointed counsel to represent Estrada on appeal.  After

---

[1] Undesignated statutory references are to the Penal Code.

examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record and address any arguments raised by appellant in a supplemental brief in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216, 369–370. Appellant filed his own supplemental brief, in propria persona.

Having reviewed the record below, we conclude the superior court made no order affecting appellant's substantial rights. Hence, the appeal from the *Franklin* proceeding on May 25, 2022, is not from an appealable order under section 1237, subdivision (b), and must be dismissed.

## BACKGROUND

On June 20, 1994, appellant was convicted by jury of two counts of kidnapping for robbery (§ 209, subd. (b); counts 1 & 2), two counts of second degree robbery (§ 211; counts 3 & 4), two counts of assault with great bodily injury (§ 245, subd. (a)(1); counts 5 & 6), and one count of attempt to burn (§ 455; count 7). The jury found true the allegation as to each of the seven counts that appellant personally used a metal rod in the commission of the offense (§ 12022, subd. (b)). The trial court sentenced appellant to consecutive indeterminate life sentences with the possibility of parole plus six years on counts 1 and 2. The court also imposed and stayed sentence on counts 3, 4, 5, and 6, and imposed a concurrent term of three years on count 7.

On February 8, 2020, appellant filed a motion for a *Franklin* proceeding pursuant to section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*), in which he sought the opportunity to gather mitigating evidence regarding his youth-related characteristics and circumstances at the time of the offenses to be presented at a future youthful offender parole hearing before the

2

California Department of Corrections and Rehabilitation (CDCR) regarding appellant's suitability for parole. Finding that appellant was 24 years old when he committed the offenses that resulted in his life sentence, the superior court appointed counsel to represent appellant and set the matter for a status conference.

Appellant was present with counsel for the *Franklin* proceeding, which took place on May 25, 2022. Through counsel, appellant provided the court with a psychological assessment performed by Haig J. Kojian, Ph.D. Dr. Kojian based his evaluation of appellant on a clinical interview, cognitive tests, and a personality assessment inventory. After describing appellant's childhood, education, and cognitive development, Dr. Kojian applied the factors outlined in *Miller v. Alabama* (2012) 567 U.S. 460 to recommend that appellant's particular issues arising from a difficult and challenging upbringing along with the *Franklin* factors be considered as factors in mitigation in any future parole hearings.

The court also accepted the following documents for inclusion in appellant's mitigation packet to be forwarded to the CDCR: a letter from the Amity Foundation dated October 10, 2019, verifying appellant's acceptance into its resident program in Los Angeles; a document from Circle Tree Ranch, a substance abuse treatment program;[2] and summaries of interviews

---

[2] The appellant's opening brief describes this document as "a letter from Circle Tree Ranch verifying appellant's acceptance into it[s] substance abuse treatment program." However, the document contained in the record on appeal is not a letter, and it does not pertain to Estrada at all. Rather, it appears to be an incomplete printout of a Web site that contains a partial description of Circle Tree Ranch's programs.

conducted by defense investigator Eduardo L. Hernandez. The People did not stipulate to the authenticity of the documents or agree with any conclusions stated therein, but did not object to admission of the documents into the record.

The superior court accepted the mitigation packet pursuant to section 3051 and ordered that the original be transmitted to CDCR forthwith for use at any future parole hearing. At the conclusion of the proceeding, the court assured appellant that the *Franklin* packet would be forwarded to the CDCR immediately. The court then advised appellant it was ordering that he be returned to state prison forthwith or at the earliest opportunity. Finally, the court confirmed with appellant's counsel that there was nothing else that appellant wished to include in his mitigation packet.

Appellant filed a timely notice of appeal in which he alleged the *Franklin* proceeding was flawed and his due process rights violated because: (1) he received ineffective assistance of counsel based on counsel's failure to meet with him, interview him, or explain his rights or what to expect from the proceedings; (2) the court failed to provide a Spanish language interpreter at the *Franklin* proceeding, thereby preventing appellant from understanding what transpired in his case because he does not speak or write English; and (3) appellant understood he would be "going home" at the conclusion of the *Franklin* proceeding, but instead was returned to state prison.

## DISCUSSION

In his supplemental brief, appellant seeks "resentenc[ing] as a youth offender" based upon the allegations set forth in his notice of appeal. He argues that he has already served

4

substantial time on his sentence and "deserve[s] another chance and compassion."

Appellant characterizes the *Franklin* proceeding as a postjudgment order affecting his substantial rights, which is appealable under section 1237, subdivision (b).  However, the superior court made just two orders at the *Franklin* proceeding, neither of which involved any findings of fact or legal rulings.  Accordingly, these orders did not affect appellant's substantial rights and are not appealable under section 1237, subdivision (b).

The first order was that the original mitigation packet be "transmitted to the Department of Corrections forthwith for use at any future parole hearing on behalf of Mr. Estrada."  The court did not exclude any evidence from the mitigation packet or otherwise limit appellant's ability to gather mitigating evidence regarding his youth-related characteristics and circumstances at the time of the offenses.  (See *Franklin, supra,* 63 Cal.4th at p. 284.)

The goal of a proceeding pursuant to *Franklin* "is to provide an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the Board [of Parole Hearings], years later, may properly discharge its obligation to 'give great weight to' youth-related factors (§ 4801, subd. (c)) in determining whether the offender is 'fit to rejoin society' despite having committed a serious crime 'while he was a child in the eyes of the law.' " (*Franklin, supra,* 63 Cal.4th at p. 284; *Cook, supra,* 7 Cal.5th at p. 449.)  However, a *Franklin* proceeding is not a "hearing," and as our Supreme Court has explained, the distinction is important. "A hearing generally involves definitive issues of law or fact to be determined with a decision rendered based on that

5

determination. [Citations.] A proceeding is a broader term describing the form or manner of conducting judicial business before a court. [Citations.] While a judicial officer presides over a *Franklin* proceeding and regulates its conduct, the officer is not called upon to make findings of fact or render any final determination at the proceeding's conclusion. Parole determination[s] are left to the Board [of Parole Hearings]." (*Cook*, at p. 449, fn. 3.)

In ordering that the mitigation packet be transmitted forthwith to the CDCR, the superior court made no findings of fact or legal ruling, but simply discharged the court's ministerial obligation under *Franklin* to forward the information gathered to the CDCR for use in a future parole hearing. The court's order therefore did not affect appellant's substantial rights and was not appealable under section 1237, subdivision (b).

The second order the superior court made was that appellant "be sent forthwith back to state prison." Despite appellant's evident misunderstanding of the purpose of a *Franklin* proceeding and his mistaken belief that he would be released at its conclusion, the superior court had no authority not to return appellant to the custody of the CDCR. The court made no findings of fact or legal rulings in ordering appellant back to state prison. Accordingly, the court's order did not affect appellant's substantial rights and was not appealable.

A *Franklin* proceeding does not reopen a final judgment or sentencing, nor does it function as a parole hearing. (*People v. Lizarraga* (2020) 56 Cal.App.5th 201, 207.) Indeed, it has no bearing whatsoever on the validity of the judgment or sentence. (*Cook, supra,* 7 Cal.5th at pp. 450–451 ["Neither the entitlement to a youth offender parole hearing, nor the evidence preservation

6

process 'disturb[s] the finality of state convictions' "].) Thus, despite a defendant's entitlement to a *Franklin* proceeding, his or her original sentence remains in effect. (*Franklin, supra,* 63 Cal.4th at pp. 278–279, 284; *People v. White* (2022) 86 Cal.App.5th 1229, 1238 ["When a youth offender receives a *Franklin* hearing, the offender 'need not be resentenced' because the sentence remains valid"].) In *Cook,* our Supreme Court held that a prisoner whose conviction is final may seek *Franklin*'s evidence preservation remedy under the authority of section 1203.01, which empowers the superior court, postjudgment, to "generate, collect, and transmit information about the defendant and the crime to the [CDCR]." (*Cook, supra,* 7 Cal.5th at pp. 446–447.) However, nothing in section 1203.01, *Cook,* or *Franklin* itself confers jurisdiction on a court to revisit the defendant's sentence or consider his or her eligibility for parole. (*White, supra,* 86 Cal.App.5th at p. 1240.)

Here, contrary to appellant's expectations, his original sentence remained in effect at the conclusion of the *Franklin* proceeding. The superior court wholly lacked authority to modify appellant's sentence or consider appellant's eligibility for parole. Because appellant remained committed to the CDCR, the superior court's order that he be returned to the state prison was nondiscretionary. It did not affect appellant's substantial rights and was therefore not appealable under section 1237, subdivision (b).

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

---

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

8